UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRE L. HOCHSTRASER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MATTHEW CATE,<br>Secretary of CDCR,<br><br>　　　　Respondent.　　　　　　　／ | No. C 12-2481 SI (pr)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Alexandre L Hochstraser, an inmate at the California State Prison - Corcoran, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## BACKGROUND

The petition provides the following information: Hochstraser was convicted in Santa Clara County Superior Court of first degree murder. On March 20, 2008, he was sentenced to 25 years to life in prison.

Hochstraser appealed. The California Court of Appeal affirmed the judgment of conviction in 2008. The California Supreme Court denied his petition for review in 2009. The U.S. Supreme Court denied his petition for writ of certiorari in 2010. He also filed unsuccessful state habeas petitions before filing this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) petitioner's right to effective assistance of counsel was violated when counsel (a) failed to object to improper use of the automobile exception rule; (b) failed to investigate relevant social history of violence, psychiatric problems, and meningitis; and (c) failed to present witnesses known to support petitioner's testimony; (2) petitioner's right to effective assistance of counsel was violated when trial "counsel failed to object to the incorrect use of the Automobile Exception Rule, denying Petitioner a full and fair hearing on the illegal search of the Petitioner's vehicle" in which the victim's dismembered body was found, Docket # 1-1, p. 4; (3) petitioner's right to due process was violated because the evidence was insufficient to support the first degree murder conviction, i.e., evidence of premeditation was absent; and (4) the prosecutor engaged in misconduct by repeatedly stating his own opinion in closing argument, mis-stating evidence, making pejorative references to petitioner, and criticizing defense counsel to the jury. Liberally construed, the claims appear to be cognizable in a federal habeas action.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by mail a copy of this order, the petition, first amended petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **October 5, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **November 9, 2012**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. Petitioner's *in forma pauperis* application is GRANTED. (Docket # 2.) Having granted the application, the court DISMISSES as moot petitioner's motion to expand the time to file a certified trust account statement. (Docket # 4.)

IT IS SO ORDERED.

DATED: July 19, 2012

SUSAN ILLSTON
United States District Judge